**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE ASSOCIATED ESTATES REALTY CORPORATION SHAREHOLDER LITIGATION | ) Lead Case No. 1:15-cv-00857-DCN <br> ) <br> ) (Consolidated with No. 1:15-cv-00928) <br> ) <br> ) Judge: Donald C. Nugent |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS**, the consolidated action styled *In re Associated Estates Realty Corporation Shareholder Litigation*, Lead Case No. 1:15-CV-00857-DCN (the "Action") is pending before the Court, which consolidated the following related actions: *Cutler v. Friedman, et al.,* No. 1:15-CV-00857-DCN and *Berkman v. Friedman, et al.*, 1:15-CV-00928.

**WHEREAS**, the Parties to the Action have applied pursuant to Rules 23, 23.1, and 41 of the Federal Rules of Civil Procedure for preliminary approval of the proposed settlement ("Settlement") in accordance with the Stipulation of Settlement entered into by the Parties dated as of February 9, 2016, ("Stipulation") upon the terms and conditions set forth in the Stipulation. The Stipulation (a copy of which has been filed with the Court) contemplates, among other things, certification by this Court of a class in the Action, solely for purposes of the Settlement.

**WHEREAS**, the Court, having heard arguments of counsel, having reviewed the Stipulation, its exhibits, and other submissions of the Parties, having considered all of the files, records, and pleadings in this Action, and being otherwise fully advised, and the Parties having consented to the entry of this Preliminary Approval Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Rules 23, 23.1, and 41 of the Federal Rules of Civil Procedure, that:

1. The Settlement, as embodied in the Stipulation and the exhibits attached thereto, is preliminarily approved as fair, reasonable, adequate, and in the best interests of the Settlement Class pending a final hearing on the Settlement as provided herein. Terms defined in the Stipulation have the same meaning for purposes of this Preliminary Approval Order.

2. For purposes of the Settlement only, the Court preliminarily finds and determines that this action may proceed as a non-opt-out class action pursuant to Rules 23(a), 23(b)(1) and/or (b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all record and beneficial holders of Associated Estates common stock (including the State Plaintiffs), their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Associated Estates common stock at any time between and including June 3, 2014 and the effective date of the Merger, but excluding the Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Associated Estates, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Settlement Class" or "Class Members"), and further preliminarily finds and determines that the Federal Plaintiffs and the law firms of Co-Lead Counsel Robbins Arroyo LLP and WeissLaw LLP and Liaison Counsel Ciano & Goldwasser, L.L.P. (collectively "Class Counsel") will fairly and adequately represent the interest of the Settlement Class in enforcing their rights in the Action.

3. The Court preliminary concludes, based on the information submitted to date, that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and the Action can properly be maintained for settlement purposes according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, this Court finds that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Federal Plaintiffs as representative plaintiffs are typical of the claims of the Settlement Class; (d) the Federal Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Settlement Class; (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Settlement Class.

4. A hearing (the "Final Settlement Hearing") shall be held on _____, 2016 at _____ **[at least 100 calendar days from the entry of this Preliminary Approval Order]** in the United States District Court for the Northern District of Ohio at the Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio 44113, Courtroom 15A to determine (i) whether the Settlement Class should be finally certified, (ii) whether the Settlement set forth in the Stipulation should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, (iii) whether a final judgment should be entered dismissing the claims of the Federal Plaintiffs and Class Members with prejudice as required by the Stipulation and releasing claims as required by the Stipulation, (iv) in what amount to award attorneys' fees and reimbursement of expenses to Class Counsel pursuant to the Fee Application to be filed as referenced in the Stipulation, and (v) any

3

objections to the Settlement and/or the request for payment of attorneys' fees and reimbursement of expenses.

5. Having reviewed the form and content of the proposed form of Notice submitted by the parties as Exhibit 2 to the Stipulation, the Court hereby approves such Notice and directs that the Company shall mail, or cause to be mailed, such Notice to all Class Members who are reasonably identifiable, at their last known addresses set forth in the stock transfer records maintained by or on behalf of Associated Estates. The mailing is to be made by first class United States mail, postage prepaid at least (60) calendar days before the date of the Final Settlement Hearing. All record holders in the Settlement Class who were not also the beneficial owners of the shares of Associated Estates common stock held by them of record are requested to forward the Notice to such beneficial owners of those shares. Associated Estates shall use reasonable efforts to give, or cause to be given, notice to such beneficial owners by (a) making, or causing to be made, additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests copies for distribution to beneficial owners, or (b) mailing, or causing to be mailed, additional copies of the Notice to beneficial owners as reasonably requested by record holders who provide names and addresses for such beneficial holders.

6. The Court finds and determines that mailing of the Notice constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and the matters set forth in the Notice to all persons entitled to receive notice, and fully satisfies the requirements of due process and of Rules 23 and 23.1 of the Federal Rules of Civil Procedure.

7. Defendants shall no later than ten (10) calendar days following the filing of this Stipulation with the Court, serve upon the appropriate State official of each State in which a Member of the Settlement Class resides and the Attorney General of the United States a notice of

the proposed settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA").  Defendants are solely responsible for the costs of the CAFA Notice and administering the CAFA Notice.  Not later than seven (7) calendar days after service of the CAFA notice, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

8. At least seven (7) calendar days prior to the Final Settlement Hearing, the Company shall cause an affidavit or declaration to be filed with the Court and served on Class Counsel certifying that the Notice has been mailed as directed in this Preliminary Approval Order.

9. All papers in support of final approval of the Settlement shall be filed with the Court and served upon all counsel of record at least thirty-five (35) calendar days prior to the date of the Final Settlement Hearing.  All papers in support of an award of attorneys' fees and reimbursement of expenses to Class Counsel shall be filed with the Court and served upon counsel of record at least thirty-five (35) calendar days prior to the date of the Final Settlement Hearing.  Any reply papers shall be filed at least seven (7) calendar days prior to the date of the Final Settlement Hearing.

10. Any Class Member who wishes to object to the Settlement and/or the award of attorneys' fees and reimbursement of expenses to Class Counsel, or to appear at the Final Settlement Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why a final judgment should not be entered thereon, must serve and file a written notice of intention to appear at the Final Settlement Hearing and/or copies of any papers they ask the Court to consider in connection with issues to be addressed at the Final Settlement Hearing.  Such notice of intention

to appear and objections must be addressed to the Clerk of Court; must refer to the action *In re Associated Estates Realty Corporation Shareholder Litigation*, No. 1-15-CV-00857-DCN, must be filed with, and received by, the Clerk of Court at least twenty-one (21) calendar days prior to the date of the Final Settlement Hearing by hand delivery or first class mail, postage prepaid, at:

> Clerk of Court
> U.S. District Court for the Northern District of Ohio, Eastern Division
> Carl B. Stokes U.S. Court House
> 801 West Superior Avenue
> Cleveland, OH 44113

The submission must provide a detailed statement of such person's specific objections to any matter before the Court and the grounds therefor; and must include all documents and other writings such person wishes the Court to consider.  Copies of all materials also must be served upon the following counsel by hand delivery or first class mail, postage prepaid, on or before that same date:

> Stephen J. Oddo
> ROBBINS ARROYO LLP
> 600 B Street, Suite 1900
> San Diego, CA 92101
>
> Richard A. Acocelli
> WEISSLAW LLP
> 1500 Broadway, 16th Floor
> New York, NY  10036
>
> Andrew S. Goldwasser
> CIANO & GOLDWASSER, L.L.P.
> 1610 Midland Building
> 101 Prospect Avenue, West
> Cleveland, OH   44115
>
> *Class Counsel*
>
> John M. Newman, Jr.
> JONES DAY
> North Point
> 901 Lakeside Ave.
> Cleveland, OH 44114-1190

*Counsel for Defendants Associated Estates Realty Corporation, Jeffrey I. Friedman, Richard T. Schwarz, Michael E. Gibbons, James A. Schoff, James J. Sanfilippo, Douglas Crocker II, and Jon A. Fosheim*

Brian J. Lamb
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH   44114

Meredith E. Kotler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006

*Counsel for BSREP II Aries Pooling LLC and BSREP Aries DE Merger Sub Inc.*

11. No person shall be entitled to object to the Settlement, to the final judgment to be entered in this Action, or to any award of attorneys' fees and reimbursement of expenses to Class Counsel, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice. Any person who fails to object in the manner and by the date required shall be deemed to have waived any right to object (including any right to appeal), and shall be forever barred from raising such objections in this or any other action or proceeding.

12. From the date of this Preliminary Approval Order until the Court enters its order determining whether a final judgment should be entered on the terms required by the Stipulation, the Federal Plaintiffs and all Class Members, and any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

13. All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

14. Upon entry of final judgment after the Final Settlement Hearing, the Federal Plaintiffs and all Class Members shall be forever barred from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

15. If the Court does not approve the Settlement, or the Settlement does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), any class certification herein, and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect except for the Company's obligation to pay for any expense incurred in connection with mailing the Notice and the CAFA Notice, and the Action shall proceed without prejudice to any party as to any matter of law or fact, as if the MOU had not been entered into and the Stipulation had not been made and had not been submitted to the Court. Nevertheless, in such event, Class Counsel have reserved the right to apply for an award of attorneys' fees, costs and expenses and Defendants have reserved the right to oppose such an application.

16. Neither the Stipulation, any provisions in the Stipulation, any document or instrument contemplated thereby, nor any negotiations, statements or proceedings in connection therewith, shall (i) be construed as, or deemed to be evidence of, or a presumption, concession or

8

admission on the part of the Federal Plaintiffs, any Defendant, any Class Member, or any other person of any liability or wrongdoing by them, or any of them, or (ii) offered or received in evidence in any action or proceeding, or used in any way as a presumption, concession, admission or evidence of any liability or wrongdoing of any nature.

17. The Court reserves the right to adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than announcement at the Final Settlement Hearing or at any later hearing.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties in writing, if appropriate, without further notice to the Class.

SO ORDERED.

Dated: _____, 2016

The Honorable Donald C. Nugent
United States District Judge