**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE ASSOCIATED ESTATES REALTY CORPORATION SHAREHOLDER LITIGATION | ) Lead Case No. 1:15-cv-00857-DCN<br>)<br>) (Consolidated with No. 1:15-cv-00928)<br>)<br>) Judge: Donald C. Nugent |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS AND
DERIVATIVE ACTION AND HEARING**

TO:  ALL PERSONS WHO OWNED ANY INTEREST IN THE COMMON STOCK OF ASSOCIATED ESTATES REALTY CORPORATION AT ANY TIME BETWEEN AND INCLUDING JUNE 3, 2014, AND AUGUST 7, 2015, EITHER OF RECORD OR BENEFICIALLY (THE "SETTLEMENT CLASS" AND "CLASS MEMBER(S)").

*This Notice is for your information only.*  **You are not being sued.  You do not need to appear in court. You do not need to hire an attorney in this case.**

*This Notice describes (i) a combination class action and derivative lawsuit against Associated Estates Realty Corporation ("Associated Estates" or the "Company"), BSREP II Aries Pooling LLC, BSREP Aries DE Merger Sub Inc. (together, Brookfield"or "Brookfield Defendants"), and the members of the board of directors ("Board") of Associated Estates ("Director Defendants") and (ii) the proposed settlement of that lawsuit.  You have received this Notice because you may be one of the people whose rights will be affected by the lawsuit and the proposed settlement.  If you wish to object to the proposed settlement, you must do so in the manner described below on or before _____, 2016.*

*The remainder of this Notice contains important information.  You should read the entire Notice carefully.*

**I.**     *The Purpose Of This Notice.*

This Notice is given to you pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure and an order of the United States District Court for the Northern District of Ohio, Eastern Division ("Federal  Court" or "Court"), where the lawsuit is pending.  The Notice tells you about the lawsuit, the proposed settlement, your right to object to the proposed settlement, and your right to participate in the final hearing on the proposed settlement, which will be held on _____, 2016.  Nothing in this Notice should be taken as an expression by the Court of any opinion as to the ultimate outcome of the lawsuit in the event the proposed

settlement is not approved, and nothing in this Notice should be taken to mean that there would necessarily be any recovery in the lawsuit in the event the proposed settlement is not approved.

II.     *Background And Description Of The Lawsuit.*

On June 3, 2014, real estate investment firm Land & Buildings ("L&B") sent a letter to Associated Estates announcing that it had acquired an ownership position in the Company's common stock and urging the Company to sell itself as the best way to "maximize shareholder value." On November 17, 2014, L&B, which had continued to acquire shares of the Company's common stock, announced an intention to nominate candidates for election to the Company's Board, replacing all seven existing directors.

On December 29, 2014, the Company announced that it had engaged Citigroup Global Markets Inc. ("Citigroup") to assist the Board in reviewing the Company's business.

On March 12, 2015, L&B announced its intention to nominate candidates to replace not the full Board but three specific directors.

On April 22, 2015, Associated Estates and Brookfield signed an Agreement and Plan of Merger ("Merger Agreement"), pursuant to which Associated Estates shareholders would receive $28.75 in cash, without interest, in exchange for each share of Associated Estates common stock (the "Merger").

On April 30, 2015, plaintiff Anne Cutler ("Cutler") filed a putative class and shareholder derivative action styled *Cutler v. Friedman, et al.*, No. 1:15-cv-00857-DCN, in the Federal Court (the "*Cutler* Action"), naming Associated Estates as a nominal defendant and alleging, among other things, that the Director Defendants had breached their state law fiduciary duties to Associated Estates shareholders in connection with the Merger, and that the Brookfield Defendants had aided and abetted the alleged breaches (Associated Estates and the Director Defendants together, the "Associated Estates Defendants;" and collectively with the Brookfield Defendants, the "Defendants"). Several days later, on May 12, 2015, plaintiff Brent Berkman ("Berkman") (Berkman and Cutler collectively being the "Federal Plaintiffs") filed a similar putative class and shareholder derivative action styled *Berkman v. Friedman, et al.*, 1:15-cv-00928, in the Federal Court (the "*Berkman* Action") (the *Berkman* Action and the *Cutler* Action collectively being the "Federal Actions"), also naming Associated Estates as a nominal defendant and alleging, among other things, that the Director Defendants had breached their state law fiduciary duties to Associated Estates shareholders in connection with the Merger, and that the Brookfield Defendants had aided and abetted the alleged breaches.

On May 21, 2015, plaintiff John Witkowski ("Witkowski") filed a putative class and shareholder derivative action styled *Witkowski v. Associated Estates Realty Corporation, et al.*, No. CV-15-845978 (the "*Witkowski* Action"), in the Common Pleas Court for Cuyahoga County, Ohio (the "State Court") naming Associated Estates as a nominal defendant and alleging, among other things, that the Director Defendants had breached their state law fiduciary duties to Associated Estates shareholders in connection with the Merger, and that the Brookfield Defendants had aided and abetted the alleged breaches. Later that same day, plaintiff Alan Kesler ("Kesler") filed a similar putative class and shareholder derivative action styled *Kesler v. Associated Estates Realty Corporation, et al.*, No. CV-15-845987 (the "*Kesler* Action"), in the

State Court (Witkowski and Kesler collectively being the "State Plaintiffs," and the *Witkowski* Action and the *Kesler* Actions collectively being the "State Actions"), also naming Associated Estates as a nominal defendant and alleging, among other things, that the Director Defendants had breached their state law fiduciary duties to Associated Estates shareholders in connection with the Merger, and that the Brookfield Defendants had aided and abetted the alleged breaches.

On June 1, 2015, Associated Estates filed with the United States Securities and Exchange Commission ("SEC") a preliminary proxy statement on Schedule 14A (the "Preliminary Proxy Statement") relating to the Merger and the vote of Associated Estates shareholders on the Merger.

On June 10, 2015, the Associated Estates Defendants filed Motions to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdiction ("Motions to Proceed in One Jurisdiction") in the Federal Actions and the State Actions, requesting that Federal Court and the State Court to confer and determine which forum should hear the dispute, to order the shareholder representatives to pursue their claims in that forum, and to dismiss or stay any remaining cases pending in the other forum.

Between June 11 and June 18, 2015, the Parties met and conferred telephonically in connection with Motions to Proceed in One Jurisdiction. For purposes of judicial efficiency, the State Plaintiffs agreed with the Defendants to stay the State Actions for all purposes pending the final resolution of an anticipated motion for preliminary injunction to be filed by the Federal Plaintiffs in the Federal Actions regarding the shareholder vote on the Merger. The State Plaintiffs further agreed to be bound by the resolution of the Federal Actions regarding whether the shareholder vote concerning the Merger should be enjoined, and the State Plaintiffs agreed not independently to seek an injunction delaying, stopping, or altering the shareholder vote regarding the Merger.

On June 13, 2015, Federal Plaintiffs' counsel served a letter requesting certain discovery items from the Defendants.

On June 15, 2015, Associated Estates filed with the SEC a definitive proxy statement on Schedule 14A (the "Definitive Proxy Statement") relating to the Merger and shareholder vote, which was also distributed to Associated Estates shareholders.

On June 18, 2015, the State Plaintiffs filed a Joint Response to Defendants' Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdiction, in which they requested a stay of the State Actions on the terms indicated above.

On June 23, 2015, an amended complaint was filed in the *Cutler* Action, repeating the claims of breach of fiduciary duty and aiding and abetting, and also alleging that the Defendants had made material misstatements and/or omissions in the Definitive Proxy Statement in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder ("Amended Complaint").

On June 26, 2015, the parties to the Federal Actions filed with the Federal Court a Proposed Stipulated Protective Order governing the production and exchange of confidential information. After arms'-length negotiations as to the scope of discovery, the Associated Estates Defendants voluntarily produced, pursuant to the Proposed Stipulated Protective Order, certain

relevant confidential, non-public documents related to the Merger (the "Confidential Documents"). Plaintiffs' counsel, in conjunction with their financial expert, subsequently reviewed and analyzed the Confidential Documents in connection with their assessment of the claims asserted in the Operative Complaint (as defined below).

On July 2, 2015, the Federal Court consolidated for all purposes the *Cutler* Action and the *Berkman* Action under the caption used for this Notice, and ordered that the Amended Complaint filed in the *Cutler* Action be deemed the operative complaint (the "Operative Complaint"). The Federal Court appointed the law firms Robbins Arroyo LLP and WeissLaw LLP as co-lead counsel ("Co-Lead Counsel") and the law firm of Ciano & Goldwasser, L.L.P. as liaison counsel ("Liaison Counsel" and, together with Co-Lead Counsel, "Class Counsel").

On July 8, 2015, having reviewed and analyzed, in conjunction with their financial expert, the public filings related to the Merger, the Preliminary Proxy Statement, the Definitive Proxy Statement, and the Confidential Documents, and in response to an order from the Federal Court requiring a settlement demand to be served on the Defendants no later than July 9, 2015, Co-Lead Counsel, on behalf of the plaintiffs in both the Federal and State Actions, sent a written settlement demand to the Defendants ("Settlement Demand"). On July 13, 2015, the Defendants provided a written response to the Settlement Demand.

Between July 14, 2015 and July 24, 2015, Class Counsel and Defendants' counsel continued arms'-length negotiations concerning a possible resolution of the Action, including the negotiation of various supplemental disclosures that the Federal Plaintiffs had identified and their counsel demanded the Defendants put on public file with the SEC sufficiently in advance of the Associated Estates shareholders meeting to approve the Merger.

On July 24, 2015, Class Counsel and Defendants' counsel reached an agreement in principle, set forth in a Memorandum of Understanding ("MOU") that was also executed by counsel for the State Plaintiffs, providing for the settlement of the Action between and among the Federal Plaintiffs, on behalf of themselves and the Settlement Class, and the Defendants, on the terms and subject to the conditions set forth below (the "Settlement"). Pursuant to the MOU, Defendants agreed to, and did, make certain supplemental disclosures ("Supplemental Disclosures"), as reflected in a Current Report on Form 8-K, filed by the Company with the SEC on July 24, 2015 (the "Form 8-K").

Following entry into the MOU, the Federal Plaintiffs undertook additional confirmatory discovery that Class Counsel believed in good faith was appropriate and necessary to confirm the fairness and reasonableness of the terms of the Settlement, including the depositions of Associated Estates' Chief Executive Officer and Chairman of the Board of Directors, Jeffrey I. Friedman, and Citigroup deal team member Matthew Greenberger.

On August 4, 2015, in accordance with the terms of the MOU, the State Plaintiffs filed notices of voluntary dismissal with prejudice in the State Actions;

On August 5, 2015, the Associated Estates shareholders voted to approve the Merger.

On August 6, 2015, the State Court made journal entries dismissing the State Actions with prejudice, in accordance with the notices of voluntary dismissal.

4

On August 7, 2015, the Merger was completed and all outstanding shares of common stock of Associated Estates were acquired by a real estate fund managed by Brookfield for $28.75 per share in cash paid to Associated Estates shareholders.

The Defendants vigorously deny all fault or liability alleged in the Action or otherwise in relation to the Merger, the Merger Agreement, the Preliminary Proxy Statement or the Definitive Proxy Statement, or with respect to any of the Released Claims (as defined below), and the Defendants specifically deny that any supplemental disclosures to Associated Estates shareholders were or are required under any applicable rule, statute, regulation, or law. However, to avoid the substantial burden, expense, risk, inconvenience, and distraction of continued litigation, including the risk of delaying or adversely affecting the Merger, the Defendants considered and consider it desirable to fully and finally resolve the claims made against them.

The Federal Plaintiffs and Co-Lead Counsel represent they brought the claims in good faith and continue to believe the claims asserted in the Action have merit.  However, they have determined that a settlement of the Action on the terms and with the benefits reflected in the Stipulation (as defined below) is fair, reasonable, adequate, and in the best interest of the Federal Plaintiffs and the Settlement Class, thereby avoiding the uncertain outcome and inherent delays and risks of further litigation and trial.  They further believe, based on the information available to them, that the Definitive Proxy Statement, with the addition of the Supplemental Disclosures, was and is adequate so that Associated Estates shareholders were able to make a meaningful decision regarding whether to vote for or against the Merger.

On February ___, 2016, the Court entered an Order Preliminarily Approving Settlement (the "Preliminary Approval Order"), which preliminarily found and determined, for purposes of the proposed settlement only, that the Action may proceed as a non-opt-out class action under Rules 23(a), 23(b)(1), and/or  23(b)(2) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class, which excludes Defendants, their subsidiaries or other affiliates, their assigns, members of the immediate family of any Defendant, officers of Associated Estates, and the legal representatives, heirs, successors or assigns of any such excluded person, and further found and determined that the Federal Plaintiffs and the law firms of Co-Lead Counsel Robbins Arroyo LLP and Weiss Law LLP and Liaison Counsel Ciano & Goldwasser L.L.P. will fairly and adequately represent the interest of the Settlement Class in enforcing their rights in the Action. The Preliminary Approval Order further preliminarily approved the settlement as set forth in the Stipulation.

The Court has not made any decisions on the claims made in the Action.  The sending of this Notice is not an indication of how the Court may, or may not, view the parties' respective allegations, claims, and defenses.  The settlement is being proposed in order to resolve, by agreement, claims that are disputed and undecided.

### III.  *The Proposed Settlement.*

After investigation, review, and analysis of the facts and law relating to the matters at issue in this lawsuit, Federal Plaintiffs and Class Counsel have negotiated the Settlement with the Defendants on behalf of the Settlement Class, now memorialized in a Stipulation of Settlement executed by Class Counsel and Defendants' respective counsel as of February 9, 2016, and

5

preliminarily approved by the Court by the Preliminary Approval Order dated February __, 2016. The Court must give formal, final approval to the Settlement before it can become effective.

What follows is a summary of the terms of the Settlement that are fully described in the Stipulation. The summary is not all-inclusive; further information may be had by referring to the Stipulation and other papers in the Action that are filed with the United States District Court for the Northern District of Ohio, all of which may be inspected during regular business hours at the Clerk of Court's Office, Carl B. Stokes U.S. Court House, 801 W. Superior Avenue, Cleveland, OH 44113. Questions regarding the Settlement also may be directed in writing to Class Counsel at the address listed below. Please do not call the Court or the Clerk of Court with questions about the Settlement.

The principal terms of the Settlement are as follows:

### A. **Consideration To Class Members.**

Pursuant to the negotiations conducted by Class Counsel and counsel for Defendants, the Company agreed to and did disclose additional information in the form of a Current Report on Form 8-K relating to the Merger, filed with the SEC on July 24, 2015. As a result, Class Members obtained additional disclosure in advance of the shareholder meeting to vote on the proposed Merger, as set forth in the Form 8-K.

### B. **Dismissal With Prejudice Of Claims Against Defendants; Release By Plaintiff And Class Members Of Claims Against Defendants And Released Parties.**

If the settlement is given final approval by the Court, all claims in the Action will be dismissed with prejudice against all Defendants, and the Federal Plaintiffs, all Class Members (including the State Plaintiffs) and Associated Estates in its capacity as nominal defendant will be deemed to have forever released, relieved, settled, and discharged, fully and completely, any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined below), that any or all of the Federal Plaintiffs, any or all members of the Settlement Class (including the State Plaintiffs), or Associated Estates, in its capacity as nominal defendant, ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type or in any other capacity, against any of the Released Parties (as defined below), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger

6

Agreement, (ii) any actions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by each of Associated Estates and the Brookfield Defendants and any of their respective officers, directors, advisors, or agents, (iii) the consideration received by Associated Estates shareholders in connection with the Merger, (iv) the Preliminary Proxy Statement including amendments thereto, the Definitive Proxy Statement including amendments thereto, and any other disclosures, public filings, periodic reports, press releases, registration statements, proxy statements, or other statements issued, made available, or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) any fiduciary obligations of the Released Parties in connection with the Merger, or (vi) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Action (each, a "Released Claim" and, collectively, the "Released Claims"); provided, however, that the Released Claims shall not extend to any: (a) claims by the Federal Plaintiffs or any Defendant to enforce the terms of the Stipulation or the Settlement, (b) claims solely for statutory appraisal with respect to the Merger pursuant to Section 1701.85 of the Ohio Revised Code, (c) claims under the federal securities laws that do not in any respect arise out of or relate in any manner to, the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Action, the complaints in the Federal Actions or the State Actions, the Merger Agreement, the transactions contemplated therein, the Preliminary Proxy Statement, the Definitive Proxy Statement, the disclosures made in connection therewith (including the adequacy and completeness of such disclosures), the Form 8-K or the Supplemental Disclosures, or (d) any claim or right of the Company against its insurers or its insurers' successors or assigns.

Each of the following persons or entities is a "Released Party" and collectively are "Released Parties":  (i) Associated Estates, Jeffrey I. Friedman, Richard T. Schwarz, Michael E. Gibbons, James A. Schoff, James J. Sanfilippo, Douglas Crocker II, Jon A. Fosheim, BSREP II Aries Pooling LLC, and BSREP Aries DE Merger Sub Inc.; (ii) any person or entity that is or was related to or affiliated with any of the persons or parties referred to in the preceding clause or in which any such person or party has or had a controlling interest; and (iii) the respective past or present insurers, reinsurers, family members, spouses, and heirs, as well as the respective past or present trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, and associates, of any of the persons or parties referred to in the preceding clauses (i) and (ii).

"Unknown Claims" means any claim that any of the Federal Plaintiffs or any member of the Settlement Class (including the State Plaintiffs) does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement.  With respect to any of the Released Claims, each of the Federal Plaintiffs

expressly waives, relinquishes and releases, and each member of the Settlement Class (including the State Plaintiffs) is deemed to have, and by operation of the final order and judgment by the Federal Court shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

The Federal Plaintiffs acknowledge, and the members of the Settlement Class (including the State Plaintiffs) by operation of law are deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Federal Plaintiffs, and by operation of law the members of the Settlement Class (including the State Plaintiffs), to completely, fully, finally, and forever extinguish any and all of the Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

The Federal Plaintiffs and all Class Members (including the Staate Plaintiffs) (i) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind (whether within the United States or not) that tries to assert any Released Claim against any Defendant or any other Released Party; and (ii) agree and covenant not to sue any Defendant or any other Released Party on the basis of any Released Claim or to assist any third party in commencing or maintaining any suit against any Defendant or any other Released Party arising out of or related to any Released Claims.

The release does not affect, create, enhance, diminish, or release any rights that any Company shareholder, including but not limited to the representative plaintiffs, may otherwise have regarding statutory appraisal of his or her Associated Estates common shares, specifically including rights arising under Section 1701.85 of the Ohio Revised Code, or to enforce in the Court the terms of the Stipulation.

### C. Payment Of Attorneys' Fees And Reimbursement Of Expenses To Class Counsel.

In connection with the settlement, Federal Plaintiffs and Class Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses in connection with the Action not to exceed $390,000.00, which will be the sole application for fees and expenses made in the Action. Defendants have agreed not to object to the amount of the fee application so long as it does not exceed $390,000.00. Defendants shall not be obligated to pay any fees or costs other than the amount so awarded by the Court (except notice costs). Class Members will not have to pay anything to Class Counsel, and any award of fees and expenses neither has had nor

will have any effect on the consideration to be received by Associated Estates shareholders in connection with the Merger.

Unless otherwise ordered by the Court, Class Counsel will file their application for attorneys' fees and reimbursement of expenses on or before _____, 2016, thirty-five (35) calendar days prior to the date of the Final Settlement Hearing (defined below).  All papers will be available for review at the office of the Clerk of Courts, at the address set forth above.  The settlement described in this Notice is in no way conditioned on the award of attorneys' fees or reimbursement of expenses.  Approval or disapproval in whole or in part of Class Counsel's application for payment of fees and expenses will not affect the finality or binding nature of the settlement or releases described in this Notice.

### IV. *The Final Settlement Hearing And Class Members' Right To Be Heard.*

On _____, 2016, beginning at _____ \_.m., before The Honorable Donald C. Nugent, in Courtroom 15-A of the United States District Court for the Northern District of Ohio, Eastern Division, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113, the Court will hold a hearing ("Final Settlement Hearing") to consider and determine: (a) whether the Settlement Class should be finally certified; (b) whether the Settlement should be finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) whether a final judgment should be entered dismissing the claims of the Federal Plaintiffs and Class Members with prejudice, as required by the Stipulation, and releasing claims as required by the Stipulation; (d) in what amount to award attorneys' fees and reimbursement of expenses to Class Counsel; and (e) any objections to the Settlement and/or the request for payment of attorneys' fees and expenses.  The Final Settlement Hearing may be continued or adjourned by the Court without further notice to Class Members other than announcement at the Final Settlement Hearing or at any adjournment thereof.  The Court has also reserved the right to approve the Settlement at or after the Final Settlement Hearing with such modifications as may be consented to by the Federal Plaintiffs and Defendants and without further notice to the Settlement Class.

If you are a Class Member, you will be bound by any judgment entered in the Action.  You may not opt out of the Settlement Class.

Class Counsel will represent the interests of the members of the Settlement Class at the Final Settlement Hearing.  Class Members may also:  (a) personally be heard at the hearing; (b) at their own expense, have an attorney other than Class Counsel appear at the hearing; and/or (c) submit written materials for the Court's consideration in connection with its review of the proposed settlement and the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses.  Class Members may make any comments or objections to the Settlement and/or the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses that they wish.  However, **Class Members and/or their attorneys will be heard at the Final Settlement Hearing, and written materials submitted for the Court's consideration will be considered, <u>only if</u> written notice of an intent to appear at the Final Settlement Hearing, a statement of the position to be asserted at the Final Settlement Hearing, and/or copies of any written materials to be submitted for the Court's consideration, are filed with the Clerk of Courts and served upon Class Counsel and**

9

**Defendants' counsel, by no later than _____, 2016.**  All documents filed with the Court must include the caption and case number set forth at the beginning of this Notice.

Notices of intent to appear and any written materials for the Court's consideration shall be deemed filed on the date they are received by the Clerk of Courts via hand delivery or via first class, postage prepaid, at:

>Clerk of Court
>U.S. District Court for the Northern District of Ohio,
>    Eastern Division
>Carl B. Stokes U.S. Court House
>801 West Superior Avenue
>Cleveland, OH 44113

And shall be deemed served on Class Counsel and Defendants' counsel on the date they are hand delivered or mailed, first class, postage prepaid, to:

>Stephen J. Oddo
>ROBBINS ARROYO LLP
>600 B Street, Suite 1900
>San Diego, CA 92101
>
>Richard A. Acocelli
>WEISSLAW LLP
>1500 Broadway, 16th Floor
>New York, NY  10036
>
>Andrew S. Goldwasser
>CIANO & GOLDWASSER, L.L.P.
>1610 Midland Building
>101 Prospect Avenue, West
>Cleveland, OH   44115
>
>*Class Counsel*
>
>John M. Newman, Jr.
>JONES DAY
>North Point
>901 Lakeside Ave.
>Cleveland, OH 44114-1190
>
>*Counsel for Defendants Associated Estates Realty Corporation,*
>*Jeffrey I. Friedman, Richard T. Schwarz, Michael E. Gibbons,*
>*James A. Schoff, James J. Sanfilippo, Douglas Crocker II,*
>*and  Jon A. Fosheim*
>
>Brian J. Lamb
>THOMPSON HINE LLP
>3900 Key Center

>127 Public Square
>Cleveland, OH   44114
>
>Meredith E. Kotler
>CLEARY GOTTLIEB STEEN & HAMILTON LLP
>One Liberty Plaza
>New York, NY 10006
>
>*Counsel for BSREP II Aries Pooling LLC and BSREP Aries DE Merger Sub Inc.*

**If you are satisfied with the proposed settlement and do not wish to be heard with respect to its terms or with respect to the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses, you need not appear at the Final Settlement Hearing or take any other action.**

**V.**     *Interim Injunction*

Pending final determination of whether the Settlement should be approved, the Federal Plaintiffs and all Class Members are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party.

**VI.**     *What Happens If The Proposed Settlement Is Not Approved By The Court?*

If the Court does not approve the proposed settlement, or if the Stipulation is otherwise terminated according to its terms, then the Action will revert to its status as of the date and time prior to the parties' execution of the MOU, and the action will proceed in all respects as if neither the MOU nor this Stipulation had ever been signed.  In that event, the Settlement Class will be decertified.  Nevertheless, Class Counsel reserve the right to apply for an award of attorneys' fees, costs and expenses, and Defendants reserve the right to oppose any such application.

**VII.**     *Notice to Nominees.*

If you held any Company stock as a nominee for the beneficial owner, in "street name," or in your name as trustee or fiduciary, please within ten (10) calendar days of receipt of this Notice either (1) advise the notice administrator in writing so that an appropriate quantity of these Notices can be sent to you for distribution to all beneficial owners for whom you held such stock, or (2) provide the names and addresses of such beneficial owners, preferably in electronic format (*e.g.,* Excel, CSV, etc.), setting forth (a) title/registration, (b) street address, and (c) city/state/zip, to the notice administrator at the following address:

>Associated Estates Realty Corp Shareholder Litigation Notice Administrator
>c/o KCC Class Action Services
>P.O. Box 40008
>College Station, TX   77842-4008
>AssociatedEstatesRealtyShareholderLitigation@kccllc.com

11

Each nominee may, if it does so promptly, apply to the notice administrator for reimbursement of actual out-of-pocket costs reasonably incurred in forwarding the Notices to beneficial owners, or in identifying the beneficial owners to the notice administrator so that Notices may be mailed.

By the Court, this _____ day of _____, 2016.

Clerk of Court
United States District Court
Northern District of Ohio, Eastern Division

**PLEASE DO <u>NOT</u> CONTACT THE COURT OR CLERK OF COURT WITH ANY QUESTIONS REGARDING THIS NOTICE.**