IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE ASSOCIATED ESTATES REALTY CORPORATION SHAREHOLDER LITIGATION | ) Lead Case No. 1:15-cv-00857-DCN <br> ) <br> ) (Consolidated with No. 1:15-cv-00928) <br> ) <br> ) Judge: Donald C. Nugent |

## ORDER AND FINAL JUDGMENT

Pursuant to the Court's Order of February 12, 2016 (the "Preliminary Approval Order"), this Court (the "Court") held a hearing on June 8, 2016 ("Final Settlement Hearing"), on the Stipulation of Settlement (the "Stipulation"), which was filed on February 11, 2016, in the action captioned above (the "Action," including all actions consolidated therein). The Preliminary Approval Order and the Stipulation were joined and consented to by all the parties to the Action and are incorporated by reference in this Order and Final Judgment. Due notice of the Final Settlement Hearing was given to the Settlement Class, as defined in paragraph 4 below, in accordance with the Preliminary Approval Order, and the notice was adequate and sufficient. The parties to the Action appeared at the Final Settlement Hearing by their respective attorneys of record and were heard in support of the Settlement of the Action. All other persons desiring to be heard who properly and timely filed and served objections and/or notices of intent to appear were given an opportunity to be heard as provided in the notice. The entire matter of the Settlement having been considered by the Court,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 8th day of JUNE, 2016, as follows:

1. Unless otherwise defined in this Order and Final Judgment, all capitalized terms shall have the meanings set forth in the Stipulation.

2. The Notice of Proposed Settlement of Class Action and Hearing thereon ("Notice") has been given to the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order. Proof of the mailing of the Notice was filed with the Court, and a full opportunity to be heard has been afforded to all parties to the Action, the Settlement Class, and other persons interested in the Settlement. The Court hereby determines that the form and manner of the Notice provided the best notice practicable under the circumstances and were in full compliance with each of the requirements of Federal Rules of Civil Procedure 23 and 23.1, due process, and applicable law. The Court further determines that all members of the Settlement Class are bound by this Order and Final Judgment. Defendants further caused to be served on the United States Attorney General and all State Attorneys General the notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711 *et seq.* ("CAFA"), and the form and manner of that notice is hereby determined to be in full compliance with CAFA.

3. Based on the record in the Action, the Court finds that each of the provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the Action has been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and/or 23(b)(2). Specifically, this Court finds that (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Federal Plaintiffs as representative plaintiffs are typical of the claims of the Settlement Class; (d) the Federal Plaintiffs and Class Counsel have fairly and adequately protected and represented the interests of the Settlement Class; (e) prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying

2

adjudications that would establish inconsistent standards of conduct for the Defendants; and (f) Defendants have acted on grounds that generally apply to the Settlement Class.

4. The Action is hereby finally certified as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class consisting of all record and beneficial holders of Associated Estates common stock (including the State Plaintiffs), their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held Associated Estates common stock at any time between and including June 3, 2014 and August 7, 2015 (the effective date of the Merger) ("Class Period"), but excluding Defendants, their subsidiaries or other affiliates, their assigns, members of their immediate families, officers of Associated Estates, and the legal representatives, heirs, successors, or assigns of any such excluded person (the "Settlement Class"). Further, the Plaintiffs Anne Cutler and Brent Berkman and the law firms of Robbins Arroyo LLP, Weiss Law LLP and Ciano & Goldwasser LLP have fairly and adequately represented the interests of the Settlement Class in enforcing their rights in the Action, and are finally certified as Settlement Class representatives and Class Counsel, respectively.

5. The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Settlement Class and Associated Estates in its capacity as nominal defendant, and is hereby approved pursuant to Federal Rules of Civil Procedure 23(e) and 23.1. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement

3

in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment, and jurisdiction over all parties to the Action.

7. The Action and the claims asserted therein are hereby dismissed with prejudice as to all Defendants in the Action and against all members of the Settlement Class (including the State Plaintiffs) and, except as otherwise provided in the Stipulation and in paragraph 13, below, without fees or costs.

8. Any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined in paragraph 11, below), that any or all Federal Plaintiffs, any or all members of the Settlement Class (including the State Plaintiffs), or Associated Estates, in its capacity as nominal defendant, ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type or in any other capacity, against any of the Released Parties (as defined in paragraph 9, below), whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions,

4

occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, directly or indirectly, the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger or the Merger Agreement, (ii) any actions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by each of Associated Estates and the Brookfield Defendants and any of their respective officers, directors, advisors or agents, (iii) the consideration received by Associated Estates shareholders in connection with the Merger, (iv) the Preliminary Proxy Statement including amendments thereto, the Definitive Proxy Statement including amendments thereto, and any other disclosures, public filings, periodic reports, press releases, registration statements, proxy statements, or other statements issued, made available or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) any fiduciary obligations of the Released Parties in connection with the Merger, or (vi) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Action (each a "Released Claim" and collectively the "Released Claims"), shall be, and hereby are, individually and collectively, completely, fully, finally, and forever released, relieved, settled and discharged, and permanently enjoined; provided, however, that the Released Claims shall not extend to any: (i) claims by the Parties to enforce the terms of the Stipulation or the Settlement, (ii) claims solely for statutory appraisal with respect to the Merger pursuant to Section 1701.85 of the Ohio Revised Code, (iii) claims under the federal securities laws that do not in any respect arise out of or relate in any manner to, the acts, events, facts, matters, transactions, occurrences, statements, or

representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Action, the complaints in this Action or the State Actions, the Merger Agreement, the transactions contemplated therein, the Preliminary Proxy Statement, the Definitive Proxy Statement, the disclosures made in connection therewith (including the adequacy and completeness of such disclosures), the Form 8-K, or the Supplemental Disclosures, or (iv) any claim or right of the Company against its insurers or its insurers' successors or assigns.

9. For purposes of this Order and Final Judgment, each of following persons or entities is a "Released Party," and collectively, they are "Released Parties": (i) Associated Estates, Jeffrey I. Friedman, Richard T. Schwarz, Michael E. Gibbons, James A. Schoff, James J. Sanfilippo, Douglas Crocker II, Jon A. Fosheim, BSREP II Aries Pooling LLC, and BSREP Aries DE Merger Sub Inc.; (ii) any person or entity that is or was be related to or affiliated with any of the persons or parties referred to in the preceding clause or in which any such person or party has or had a controlling interest; and (iii) the respective past or present insurers, reinsurers, family members, spouses, and heirs, as well as the respective past or present trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers,

dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, and associates, of any of the persons or parties referred to in the preceding clauses (i) and (ii).

10. Any and all claims (including Unknown Claims, as defined in paragraph 11, below) arising out of or relating to the filing, prosecution, and settlement of the Action or the State Actions that Defendants or the Released Parties, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns, or transferees, immediate and remote, and any person or entity acting for or on behalf of or claiming under any of them, and each of them, ever had, now have, or may have, against Plaintiffs, the State Plaintiffs, members of the Settlement Class, Plaintiffs' Counsel, the State Plaintiffs' counsel, or any of them, shall be individually and collectively, completely, fully, finally, and forever settled, released, and discharged; <u>provided, however</u>, that the release shall not include (i) the right of the Defendants and Released Parties to enforce the terms of the Stipulation and the Settlement; or (b) any right or claim by any of the Director Defendants related to the Company's indemnification obligations; or (c) any right or claim by any of the Associated Estates Defendants against their insurers or their insurers' successors or assigns.

11. The releases extend to claims that the person granting the release ("Releasing Person," including any member of the Settlement Class), does not know or suspect exists in his, her, or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those which, if known, might have affected the decision to enter into the Settlement ("Unknown Claims"). With respect to any of the Released Claims, upon the Effective Date, each Releasing Person shall have, and shall be deemed to have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or

7

territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR." Each Releasing Person acknowledges, and by operation of law shall be deemed to have acknowledged, that he, she or it may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of each Releasing Person to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. The Parties to the Stipulation acknowledged, and the members of the Settlement Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a key element of the Settlement and was relied upon by each and all of the Parties in entering into the Stipulation.

12. Federal Plaintiffs and all members of the Settlement Class (including the State Plaintiffs), and any of their respective representatives, trustees, successors, heirs, and assigns, are hereby forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind (whether within the United States or not) that tries to assert any Released Claim against any Defendant or any other Released Party; and (ii) have agreed and covenanted not to sue any Defendant or any other Released Party on the basis of

8

any Released Claim or to assist any third party in commencing or maintaining any suit against any Defendant or any other Released Party arising out of or related to any Released Claim.

        13.      Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any negotiation had, act performed, or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be, or may be used or construed as, a presumption, concession or admission of, or evidence of, the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants or a waiver of any applicable statute of limitations; (b) is or may be deemed to be or may be used or construed as a presumption, concession or admission of, or evidence of, any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Action, or any other action or proceeding that has been, will be, or could be brought in relation to the Released Claims, the Merger, the Merger Agreement, the Proxy Statement, or any other negotiation, deliberation, or action taken or contemplated with regard to any proposal concerning the matters herein, nor may they or any of them or any portion of them be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as provided expressly herein. Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in any action to enforce the provisions of the Stipulation or in any action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

14. Class Counsel are hereby awarded attorneys' fees and expenses in the amount of $ 390,000.00 , which sum the Court finds to be fair and reasonable and which shall be paid to Class Counsel in accordance with the terms of the Stipulation.

15. The effectiveness of the Order and Final Judgment and the obligations of Federal Plaintiffs, Class Counsel, the Settlement Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of the application for an award of attorneys' fees and expenses.

16. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims as to all the parties in the Action.

17. The Court hereby retains and reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Stipulation and the Settlement.

18. In the event that this judgment does not become "Final" in accordance with Paragraph 5 of the Stipulation, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Order and Final Judgment shall be vacated. In such event, all orders entered in connection with the Settlement shall be null and void, and the Settlement Class shall be decertified. In such event, the Action shall return to its status prior to execution of the MOU.

SO ORDERED.

\_\_\_June 8\_\_\_\_\_, 2016

_____
The Honorable Donald C. Nugent
United States District Court Judge